# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| HOSEA BERNARD NORMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:05CV929 |
| | ) | |
| SERGEANT L. HESTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on Plaintiff's affidavit filed in response the court's order of March 30, 2007. The order required Plaintiff to respond to the clerk's notice of failure to make service. Unfortunately, it appears that Plaintiff has failed to timely serve Defendants, indeed it appears that Plaintiff has failed to serve Defendants at all.

Plaintiff is a fee-paying litigant, and he is responsible for service of a summons and a copy of his complaint on each Defendant. Plaintiff and the court have been engaged in the exercise of his attempts at service for over a full year. *See, e.g.,* docket entries beginning February 21, 2006. The most recent of those efforts began in February 2007 when the clerk mailed a standard notice to Plaintiff that service had not been made and that his complaint was subject to a dismissal

for the failure to serve. The notice gave Plaintiff 10 days to serve or show good cause why service had not been made. Plaintiff responded to the notice, but the court determined that the response was not sufficient and Plaintiff was given additional time to satisfy the clerk's notice. Plaintiff again responded but this time with a filing the court called "non-sensical," and Plaintiff was given yet additional time to comply. Plaintiff responded with an affidavit and attachments which are now before the court for review. In short, Plaintiff's filing shows that he mailed a summons and complaint to each Defendant, using the prison mail system. In turn, prison officials have acknowledged receipt of Plaintiff's mailings and they have said that the mail was deposited in the United States mail, but not by means of certified or registered delivery.

At best, Plaintiff's filings to date show that he has attempted service on Defendants using the United States mail, but that he has not complied with the service rules. The federal rules require that a plaintiff serve a summons and complaint within the time allowed by Rule 4(m) (within 120 days after filing the complaint). FED. R. CIV. P. 4(c)(1). The rules allow for service pursuant to the law of the state in which the district court is located, obviously in this case North Carolina. *Id.* Rule 4(e). "North Carolina does not allow a plaintiff to serve an individual by regular, first class mail." *Wright v. Hill*, No.1:03CV00109, 2005 WL 1475417, at *2 (M.D.N.C. June 21, 2005) (citing N.C.R. CIV. P. 4(j)(1)(c)). For these

reasons, Plaintiff's attempts to serve by regular mail are ineffective and he has clearly failed to comply with the 120-day requirement of Rule 4(m).

As noted, the court began this exercise with Plaintiff as early as February 2006 when the court directed the clerk to mail summons forms to Plaintiff <u>and a copy of Rule 4</u>. *See* Order (docket no. 6). That order clearly warned Plaintiff that "[a]ny Defendant for whom no proof of service is filed after four months" is subject to being dismissed. That time has long since come and gone, and the court has continued to engage Plaintiff in efforts to comply with the service rules, all to no avail. Accordingly, IT IS RECOMMENDED that Plaintiff's complaint be dismissed without prejudice for the failure to serve Defendants with summonses and copies of his complaint. *See Mendez v. Elliot*, 45 F.3d 75, 78-79 (4th Cir. 1995) ("Rule 4(m) requires that if the complaint is not served within 120 days after it is filed, the complaint must be dismissed absent a showing of good cause.").

_____
Wallace W. Dixon
United States Magistrate Judge

April 23, 2007

3